Rosa Ortiz Ríos, Plaintiff and Appellee, *v.* Leonardo Viera, Defendant and Appellant.

No. 8588.   Argued February 3, 1943.—Decided March 9, 1943.

*Federico García Veve* for appellant.   *E. Díaz Santana* and *E. Mieres Calimano* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Rosa Ortiz Ríos filed a complaint against Leonardo Viera praying for maintenance in the sum of $50 a month for the support of her natural daughter, Margarita Ortiz. She alleged that she and the defendant had lived in concubinage for more than a year, as a result of which the child, Margarita, had been born; that the child had been recognized as the defendant's by a judgment of the Supreme Court; that the defendant was giving the child $3 a week, which was insufficient to support her; that the child needed $50 a month

in order to meet her expenses for food, clothing and medical attention; and that her father was in a position to pay her that amount. The defendant has appealed from the judgment of the district court ordering him to pay $6 a week for the support of the minor child.

■ The only evidence offered to establish that the defendant was the father of the child was the plaintiff's own testimony, which the lower court believed. The appellant contends that corroboration of this testimony was required to support the judgment. There is no merit in this contention. *People* v. *De Jesús,* 57 P.R.R. 694.

Furthermore, appellant himself, on being asked by the lower court, admitted that the paternity of the child had already been adjudged in a previous criminal case, which this Court affirmed on appeal. (*Pueblo* v. *Viera,* 57 D.P.R. 1002 (*per curiam*)). It involved a charge of abandonment of a minor in which the paternity must be established. *People* v. *López,* 54 P.R.R. 279, 285.

■ Appellant also contends that the lower court acted with passion, prejudice and partiality in weighing the evidence because it did not pass on the defense of *res judicata* set up by him. His position is that the question of maintenance was decided by this court on appeal in the criminal action between the same parties for abandonment of minors, and that the matter is therefore *res judicata.* There is a short answer to appellant's contention. The parties in this action are not the same as in the criminal case. In the latter the People was the plaintiff. The appellee was not a party thereto and was therefore not bound by the judgment therein. But even if it be assumed *arguendo* that the question of maintenance was involved in the criminal case, we have held that "the nature of an award for maintenance is always provisional and transitory for as long as the situation that impelled the court to grant it shall exist". *Sacarello* v. *Rubio,* 44 P.R.R. 860, 63. Such an award is there-

fore not governed by the ordinary doctrine of *res judicata.* *Puigdollers* v. *Monroig,* 14 P.R.R. 756, 58; *Sacarello* v. *Rubio, supra,* at p. 864.

The judgment of the district court will be affirmed.